■ FRANCES F. PAPLOW, Respondent, v. JOHN N. MINSKER et al., Constituting the Zoning Board of Appeals of the Village of East Aurora, Respondents, and RICHARD F. BOCKRATH, Intervenor-Appellant.— Motion for further amendment of order granted, without costs, in accordance with following memorandum: In 1972 respondent zoning board granted the intervenor a variance to use his property as a two-family residence. Special Term annulled that variance and we reversed Special Term and remitted the matter to the zoning board for further findings with respect to financial hardship (*Matter of Paplow* v. *Minsker,* 43 A D 2d 122). The respondents have found that no financial hardship exists but since our decision failed to direct a redetermination of the matter by the zoning board, the respondents apparently have refused to render a decision although the proceedings have been completed. Petitioner now moves for amendment of our prior order to insert a direction that the respondents determine the matter and deny the intervenor's application for a variance. The motion is granted to the extent that we direct respondents to make a determination on the basis of the record before them. Once the determination is made the parties may review it by appropriate legal proceedings if so advised. Present — Moule, J. P., Cardamone, Simons and Goldman, JJ.

■ CITY OF BUFFALO, Appellant-Respondent, v. J. W. CLEMENT COMPANY, INC., Respondent-Appellant.— Motion for reargument and for other relief denied in all respects. Insofar as the agreement relied upon by the defendant on this motion is concerned our determination made it clear that although the agreement was not before the court it was on the basis that even though such an agreement was in existence defendant was not entitled to legal fees. (See House of Representatives Rep. No. 1656, 91 Cong., 1st Sess., § 304 [1970].) Present — Marsh, P. J., Moule, Simons and Del Vecchio, JJ.

■ JUDITH BRAIMAN, Respondent, v. EDWARD M. BRAIMAN, Appellant.— Motion for a stay denied; and despite the pending appeal, the parties are directed to proceed in Supreme Court, Monroe County, which shall grant a preference and fix an early date for trial of the action. Memorandum: This divorce action should have been tried and a final decree entered therein months ago. As we have stated on many occasions, excessive litigation in preliminary skirmishes is wasteful of court time and unduly expensive to the parties. Temporary alimony proceedings should not be permitted to overshadow the basic action, and appeals from orders for temporary alimony are discouraged. The best remedy from such an order is an early trial of the action (*Schoellkopf* v. *Schoellkopf,* 41 A D 2d 599; *De Gasper* v. *De Gasper,* 31 A D 2d 886). The principle of law relied upon by defendant-appellant, that alimony may not be increased without a showing of changed circumstances, applies with respect to orders for permanent alimony. Traditionally, temporary alimony is fixed in the discretion of the court upon the moving papers, without testimony; and in the absence of agreement the amount fixed should not be determinative of the amount of the permanent alimony ultimately fixed in the divorce decree (*De Gasper* v. *De Gasper, supra; Schine* v. *Schine,* 28 A D 2d 976). Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.